## INGRAHAM *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF RHODE ISLAND.

No. 379.  Submitted October 23, 1894. — Decided December 17, 1894.

*Pointer* v. *United States*, 151 U. S. 396, sustained and applied to the point
that it is not error to join distinct offences in one indictment, in separate
counts, against the same person.

A person who presents to the Third Auditor of the Treasury what purports
to be an affidavit before a justice of the peace in support of a fraudu-
lent claim against the Government, is estopped to deny that the docu-
ment was not an affidavit when presented in evidence in criminal
proceedings against him for such fraudulent act.

It is not necessary, in the first instance, in order to prove such offence, to
produce the commission of the justice, or to introduce other official
evidence of his appointment.

THE case is stated in the opinion.

*Mr. Charles H. Page* and *Mr. Franklin P. Owen* for
plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in
error.

MR. JUSTICE HARLAN delivered the opinion of the court.

By the first count of an indictment in the court below it
was charged that the plaintiff in error, Royal Ingraham, on
the 11th day of December, 1890, within the District of Rhode
Island, did knowingly, wilfully and unlawfully make and pre-
sent and cause to be made and presented for payment and
approval to the Third Auditor of the Treasury of the United
States of America a claim for payment and reimbursement to
him of certain alleged expenses of the last sickness and burial
of his mother, Freelove Ingraham, who in her lifetime had
been a pensioner of the United States of America under a pen-
sion issued to her, and who prior to the above date had died
leaving no widower or minor child surviving her; which claim

it was alleged was false, fraudulent, and fictitious in that it was stated in it that the last sickness of the pensioner continued uninterruptedly from July 21, 1889, to the date of her death on the 19th day of September, A.D. 1890, that he had actually paid to Perry Ingraham and Mary Ingraham for board, nursing, and medicines furnished to the pensioner the sum of three hundred and eighteen dollars, and to one Zylphia Ingraham for services as nurse the sum of one hundred and forty-eight dollars and fifty-seven cents; whereas, the last sickness of the pensioner was of only a few days' duration, and the defendant had not at the time when he made his claim paid to Perry Ingraham and Mary Ingraham any sum for board, nursing, and medicine so furnished, and to Zylphia Ingraham any sum for services as nurse, he then and there well knowing his claim to be false, fraudulent, and fictitious, and the Third Auditor being then and there authorized to approve and allow it.

By a second count in the indictment it was charged that the plaintiff in error on the 11th day of December, 1890, for the purpose of obtaining and aiding to obtain the payment and approval of the above claim, did knowingly, wilfully and unlawfully use and cause to be used a certain false affidavit, to wit, the affidavit of Perry Ingraham and Mary E. Ingraham, subscribed and sworn to on the 9th day of December, A.D. 1890, before Daniel H. Remington, a justice of the peace, he then and there well knowing that said affidavit contained the fraudulent and fictitious statement that on the 1st day of November, 1890, they, Perry Ingraham and Mary E. Ingraham, received from him the sum of $318 in payment of an account therein stated for board, nursing, and medicine furnished to the pensioner, Freelove Ingraham, in her lifetime; whereas they, or either of them, did not, at any time prior to the making of such affidavit, receive from him any sum in payment of an account for board, nursing or medicine so furnished or for any services rendered to said pensioner.

There was evidence before the jury tending to show that the accused presented to the Third Auditor of the Treasury of the United States and used and caused to be used before that officer in the prosecution of his claim against the government

of the United States a certain paper in the form of and pur-
porting to be an affidavit signed by Perry Ingraham and Mary
E. Ingraham, and purporting to be sworn to before Daniel H.
Remington as a justice of the peace, and certified to that effect
by him. But there was no further testimony tending to show
that Remington was duly commissioned and qualified as a
justice of the peace and was authorized to administer oaths.
Nor does the bill of exceptions state what evidence, relating
to other points, was adduced before the jury.

At the conclusion of the evidence the prisoner presented
several requests for instructions to the jury. These requests
were refused, and an exception was properly taken to the
action of the court.

After a verdict of guilty, and the denial of a motion in arrest
of judgment, the defendant was sentenced to one year's impris-
onment at hard labor in the state-prison. 49 Fed. Rep. 155.

The indictment in this case was based on section 5438 of the
Revised Statutes of the United States. So much of that sec-
tion as is relevant to this case is in these words : " Every person
who makes or causes to be made, or presents or causes to be
presented, for payment or approval, to or by any person or
officer in the civil, military, or naval service of the United
States, any claim upon or against the government of the
United States, or any department or officer thereof, knowing
such claim to be false, fictitious or fraudulent, or who, for the
purpose of obtaining or aiding to obtain the payment or
approval of such claim, makes, uses, or causes to be made or
used, any false bill, receipt, voucher, roll, account, claim, certifi-
cate, affidavit or deposition, knowing the same to contain any
fraudulent or fictitious statement or entry, . . . every per-
son so offending in any of the matters set forth in this section
shall be imprisoned at hard labor for not less than one nor
more than five years, or fined not less than one thousand nor
more than five thousand dollars."

1. Although each count of the indictment charged a distinct
offence, it was not error to embrace both offences in one indict-
ment in separate counts. Such joinder, where two or more
acts or transactions are connected together, or are of the same

class of crimes or offences, is expressly provided for in section 1024 of the Revised Statutes. The subject of the joinder of distinct offences in one indictment against the same person was fully examined in *Pointer* v. *United States*, 151 U. S. 396, 400.

2. The paper presented by the defendant to the Third Auditor of the Treasury of the United States in support of his claim against the government, purporting to be the affidavit of Perry Ingraham and Mary E. Ingraham, certified by Daniel H. Remington, as a justice of the peace in Rhode Island, was admissible in evidence without formal proof that Remington had been duly commissioned and had duly qualified as a justice of the peace. Even if Remington had not been properly commissioned, or had not qualified so as to entitle him, in law, to discharge the functions of a justice of the peace, the paper presented by the defendant to the Third Auditor of the Treasury for the purpose of obtaining the payment or approval of his claim, being in the form of an affidavit, must, for all the purposes of this prosecution, be taken to be an affidavit. If he knew that the statement in that paper, described in the indictment, was fraudulent or fictitious, he was not the less guilty under the second count, because of the fact, if such was the fact, that Remington had not been duly commissioned as a justice of the peace, and was not, for that reason, entitled to administer the oath certified by him. The essence of the offence charged in the second count was the use by the defendant of a document or writing known by him to contain a fraudulent or fictitious statement made to secure the payment or approval of his claim. He is estopped to deny that the document or writing so used was not what it purports to be, namely, an affidavit.

Besides, the contention of the accused could not be sustained even if the word "affidavit" in section 5438 were held to imply a declaration or affirmation in writing, sworn to or affirmed before some officer duly appointed and having legal authority to administer oaths or to take affirmations. It is not suggested nor could it be said that Remington, if duly commissioned or appointed a justice of the peace, was without such authority.

Pub. Stat. R. I. c. 23, § 9. But having acted in that capacity, the presumption will be indulged, nothing to the contrary appearing, that he was duly commissioned or appointed to the office whose functions he exercised. It was not necessary, in the first instance, in order to prove the offence charged, to produce his commission or introduce other official evidence of his appointment. Such is the general rule. It is one of public convenience and of long standing. *Berryman* v. *Wise*, 4 T. R. 366; 1 Greenleaf's Ev. § 92; 1 Bishop's Cr. Pro. § 1130, and authorities cited; 1 Wharton Cr. Ev. § 833, and authorities cited; *Reg.* v. *Roberts*, 14 Cox Cr. Cas. 101, 103; *Reg.* v. *Howard*, 1 Moody & Rob. 187; *Rex* v. *Verelst*, 3 Camp. 432.

What has been said meets all the points suggested in the brief of counsel for the plaintiff in error.

*Judgment affirmed.*