MARHOEFER v. UNITED STATES.

WALSH v. SAME.

(Circuit Court of Appeals, Seventh Circuit. February 2, 1917. Rehearing Denied March 27, 1917.)

Nos. 2416, 2417.

1. INTERNAL REVENUE ⬤⟞47—OLEOMARGARINE—OFFENSES—INDICTMENT—REMOVED.

Where a count of an indictment charged that defendants, being manufacturers of oleomargarine, defrauded and attempted to defraud the United States of the tax on a quantity of oleomargarine, produced and manufactured and removed from the place of manufacture for consumption and sale by them, that is to say, they did manufacture, produce, and furnish for use and consumption oleomargarine colored to imitate butter, which at the time it was so manufactured, produced, and removed by them was subject to a tax which they did not pay, the general allegation that the oleomargarine was removed by defendants was not limit-

ed by specific statement following it, and the count, when read as a whole, sufficiently alleged that the oleomargarine was removed, so as to charge an offense under Oleomargarine Act Aug. 2, 1886, c. 840, § 8, 24 Stat. 210, as amended by Act May 9, 1902, c. 784, § 3, 32 Stat. 194 (Comp. St. 1913, § 6220), imposing a tax on oleomargarine manufactured and sold or removed for consumption or use and section 17 (section 6229), imposing a fine on any person carrying on the business of manufacturing oleomargarine, who defrauds or attempts to defraud the United States of the tax on the oleomargarine produced by him.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150.]

2. INTERNAL REVENUE ☞47—OLEOMARGARINE—OFFENSES—INDICTMENT—ATTEMPT TO DEFRAUD.

A count of an indictment for attempting to defraud the United States of the tax on oleomargarine, colored to imitate butter, contrary to Oleomargarine Act, § 17, which, when read in connection with the allegations of an earlier count incorporated in it, described the defendants, their place of business, the date and place where they conducted the business of manufacturing oleomargarine in violation of law, and defined with considerable particularity the steps that led up to and were a part of the attempt to defraud, was sufficient.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150.]

3. INTERNAL REVENUE ☞16—OLEOMARGARINE—LIABILITY FOR TAX—"REMOVED."

Within Oleomargarine Act Aug. 2, 1886, § 8, as amended by Act May 9, 1902, § 3, imposing a special tax on oleomargarine manufactured and sold or removed for consumption or use, oleomargarine is "removed," so as to be subject to the tax, when it is taken from a cave under a rear room in defendants' place of business, where it was artificially colored, into the salesroom in the same building; removal not being determined by distance, nor by the building from which it is taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove.]

4. INTERNAL REVENUE ☞39, 40—OLEOMARGARINE—OFFENSES—EMPLOYÉ.

An employé can be convicted of violating Oleomargarine Act, § 17, providing that, whenever any person engaged in carrying on the business of manufacturing oleomargarine defrauds or attempts to defraud the United States of the tax, he shall be fined.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Fred Marhoefer and Thomas Walsh were convicted of violating the oleomargarine laws of the United States, and each defendant brings error. Affirmed.

From a sentence upon conviction on nine counts of an indictment charging violations of the oleomargarine laws of the United States, each defendant prosecutes his writ of error. Defendants were tried together, and but one record in this court is presented.

Each defendant contends that there was not sufficient evidence to warrant a conviction on each of counts 3 to 9, inclusive. Defendants further contend that both counts, 3 and 4, are insufficient to sustain a conviction. Counts 1, 3, and 4 are as follows:

"1. The grand jurors of the United States of America, impaneled and sworn in the District Court of the United States for the Eastern Division of the Northern District of Illinois, and inquiring for that division and district, upon their oath present that one Fred Marhoefer and one Thomas F. Walsh,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

241 F.—4

each late of the city of Chicago, in the said division and district (hereinafter called defendants), on, to wit, the twentieth day of January, in the year 1915, at the premises known as 3026 Lincoln avenue, in the city of Chicago, Illinois, aforesaid, unlawfully, knowingly, and willfully did carry on the business of manufacturers of oleomargarine in that they, the said defendants being then and there persons that so vended and furnished oleomargarine for the use and consumption of others than their own family tables, without compensation, did then and there add to and mix with the said oleomargarine artificial coloration that caused it to look like butter of a shade of yellow, without having paid the special tax of six hundred dollars imposed by law, upon the manufacturers of oleomargarine, against the peace and dignity of the said United States and contrary to the form of the statute of the same in such case made and provided."

"3. And the grand jurors aforesaid, upon their oath aforesaid, do further present, that the said Fred Marhoefer and the said Thomas F. Walsh, each late of the city of Chicago, in the said division and district (hereinafter called defendants), during and throughout the period of time from, to wit, the first day of July, A. D. 1914, to the thirtieth day of January, A. D. 1915, at Chicago, aforesaid, were persons engaged in carrying on the business of manufacturing oleomargarine and being so engaged in said business, did then and there, to wit on the said thirtieth day of January, 1915, and on divers days throughout said period of time, defraud and attempt to defraud the United States of the tax on a large quantity of oleomargarine produced and manufactured and removed from the place of manufacture for consumption and sale by them, the said defendants during said period of time, that is to say, they, the said defendants, then and there as such defendants, so engaged in carrying on the business of manufacturing oleomargarine, did manufacture, produce, and furnish for the use and consumption of others a large quantity, to wit, thirty thousand pounds of oleomargarine not free from artificial coloration but having and containing artificial coloration, which caused it to look like butter of a shade of yellow and which said oleomargarine was not produced and furnished by the said defendants for the use and consumption of their own family tables without compensation, and which said thirty thousand pounds of oleomargarine, at the time it was so manufactured, produced, removed and furnished was then and there subject by law to a tax of ten cents per pound to be by them, the said defendants, paid as such manufacturers to the said United States, all of which the said defendants then and there well knew, but which said tax they, the said defendants, did not then and there or at any other time pay to the said United States, nor did they pay any part thereof, as they were by law required to do, and of which said taxes, amounting to the sum of three thousand dollars, they, the said defendants, then and there in the manner and form aforesaid, unlawfully, knowingly, willfully, feloniously, and intentionally did attempt to defraud and did defraud the said United States, against the peace and dignity of the said United States and contrary to the form of the statute of the same in such case made and provided.

"4. And the grand jurors aforesaid, upon their oath aforesaid, do further present, that the said Fred Marhoefer and the said Thomas F. Walsh, each late of the city of Chicago, in the said division and district hereafter called defendants on, to wit, the twentieth day of January, A. D. 1915, at Chicago, Illinois, aforesaid, were persons engaged in carrying on the business of manufacturers of oleomargarine as in the first count of this indictment set forth and being manufacturers of oleomargarine as aforesaid, did then and there knowingly, unlawfully, and feloniously attempt to defraud the United States of the tax of ten cents per pound imposed by law upon a large quantity of oleomargarine, to wit, six hundred pounds more or less of oleomargarine, which said oleomargarine then and there contained artificial coloration, which caused it to look like butter of a shade of yellow and which said oleomargarine had then and there been manufactured and produced by said defendants for sale and for public consumption and use, against the peace and dignity of the said United States and contrary to the form of the statute of the same in such case made and provided."

Section 17 of the Oleomargarine Act (Comp. St. 1913, § 6229), omitting non-essential parts, reads as follows: "That whenever any person engaged in carrying on the business of manufacturing oleomargarine defrauds, or attempts to defraud, the United States of the tax on the oleomargarine produced by him, or any part thereof, he * * * shall be fined," etc. Section 3 (section 5977) imposes the tax upon manufacturers of oleomargarine and defines the term "manufacturers." Section 8 (section 6220) also imposes such a special tax, and reads as follows: "Upon oleomargarine which shall be manufactured and sold, or removed for consumption or use, there shall be assessed and collected a tax of ten cents per pound, to be paid by the manufacturer thereof: * * * Provided, when oleomargarine is free from artificial coloration that causes it to look like butter of any shade of yellow said tax shall be one-fourth of one cent per pound."

Further statement of the facts will appear in the opinion.

Benjamin C. Bachrach, of Chicago, Ill., for plaintiffs in error.
Charles F. Clyne, of Chicago, Ill., for the United States.

Before BAKER, MACK, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). **[1]** Appellant's contention that count 3 is insufficient to support a conviction is predicated on the ground that such count fails to charge the defendants with having "removed" the oleomargarine therein described for the purpose named in the statute; that the crime described in section 8 is not committed unless the accused shall have *"manufactured"* and *"sold"* oleomargarine without paying the tax thereon, or unless the oleomargarine shall be *"removed"* "for cosumption or use," without paying the tax thereon.

It is conceded that the count generally charges the defendants with manufacturing and producing oleomargarine and with having removed the oleomargarine from the place of manufacture, for consumption, but it is claimed that this general charge is restricted and narrowed by the specific language immediately following the general charge and beginning with the words "that is to say," found in said count, and that the general language must be restricted and limited by the specific allegations thus appearing; that such specific language fails to charge the defendant, either with manufacturing *and selling* butterine or with *removing* the butterine either for "consumption or use" without paying the specific tax thereon.

The declarative words, "did manufacture, produce and *furnish*," must be viewed in the light of all the language in this count, and especially in connection with the words, "was so manufactured, produced, removed and furnished," and with the prior words "produced and manufactured and removed from the place of manufacture," and thus construed together, the so-called specific language does not narrow or restrict the general charge, but amplifies and in greater particularity describes how the defendant violated the requirements of section 8 by manufacturing oleomargarine and removing it for consumption without paying the tax required by law to be paid. The grammar could be improved, but the meaning of the entire count is not left in doubt.

[2] Sufficiency of the fourth count of the indictment is challenged, because it is claimed the pleader, in using the words "attempt to defraud," failed to sufficiently describe the crime defined in section 17. In other words, it is claimed that, to charge the defendants with "an attempt to defraud" the government out of the 10 cents tax on colored oleomargarine, it was necessary to plead all the essential elements—all of the ultimate facts which constituted the offense of attempting to defraud.

Counsel for the government maintain that the charge is sufficient because it follows the language of the statute; that, in charging violation of section 17 of the Oleomargarine Law, the indictment is sufficient if the pleader merely charges defendant with "a felonious attempt to defraud the United States out of a tax of ten cents per pound" upon a certain number of pounds of oleomargarine. In support of their contention reliance is placed upon May v. United States, 199 Fed. 42, 117 C. C. A. 420; Enders v. United States, 187 Fed. 754, 109 C. C. A. 502; Hardesty v. United States, 168 Fed. 25, 93 C. C. A. 417; United States v. Simmons, 96 U. S. 362, 24 L. Ed. 819.

The government further contends that it pleaded, with sufficient particularity, the facts which constituted the crime. An examination of the entire fourth count, as well as the contents of the first count of the indictment, sufficiently incorporated in the fourth count as to become a part of it, convinces us that the pleader was as specific and definite as the circumstances required. The pleader did not in this case restrict himself to the precise language of the statute, but described the defendants, their place of business, the date and place where they conducted the business of manufacturing oleomargarine in violation of the law, and further defined with considerable particularity the steps taken that led up to and were a part of the "attempt to defraud."

It is not necessary to go as far as the majority opinion in May v. U. S., supra. We conclude the fourth count is sufficient to support the conviction.

Appellant's contention that the evidence fails to support the verdict is not well taken. Defendants did not testify nor did they offer any testimony to dispute the case made by the government.

Without detailing all the facts, it is sufficient to say that the testimony, and the inference logically flowing therefrom were hardly capable of any construction consistent with defendants' innocence as to the offenses set forth in counts 5 to 9, inclusive.

[3] As to counts 3 and 4, the chief contention of the plaintiff in error is that the government failed to show any "sale" or "removal for consumption or use." Whether such evidence was lacking depends upon what constitutes a removal within the meaning of this act. It conclusively appeared that defendant Marhoefer constructed a "cave" under the back room in one of his places of business, and that he there conducted his "moonshining" business; that is, colored oleomargarine without paying the government tax. The criminal intent to violate the law was clearly present. The defendants' contention, that the transfer of this colored oleomargarine from the "cave" to the salesroom was not a "removal" as contemplated by statute, we cannot accept.

The mere fact that the "cave" and the salesroom were in the same building is not at all persuasive. "Removal," sufficient to establish guilt, is not determined by distance, nor is it determined by the building from which or to which the oleomargarine is taken. When the defendant moved the colored product from the "cave" to the salesroom above for the purpose of selling it without paying the stamp tax, he committed the crime as fully as though he shipped it to an adjoining city.

[4] The contention that the defendant Walsh should have been dismissed, because he was merely an employé, and not a manufacturer, is answered against the appellant in May v. U. S., supra, and ample reasons for so holding are given.

The judgment is affirmed.