KREUZER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918. Rehearing Denied January 20, 1919.)

No. 4582.

1. INDICTMENT AND INFORMATION ☞130—JOINDER—OFFENSES.
    A number of charges of violations of the oleomargarine laws may under Rev. St. § 1024 (Comp. St. 1916, § 1690), be joined in one indictment; the several charges being based on acts connected with the other and for transactions of the same class of crime.

2. CRIMINAL LAW ☞984—SENTENCE—DIFFERENT COUNTS.
    Where sentences on two counts were to be executed concurrently with that imposed on an earlier count, so that but one punishment was imposed, it is only necessary to determine the sufficiency of the earlier count on which sentence was based.

3. CRIMINAL LAW ☞1178—APPEAL—ABANDONMENT OF ASSIGNMENTS.
    An assignment of error complaining of the overruling of objections to testimony, which failed to set out the testimony or its substance as re-

quired by court rule 11 (188 Fed. ix, 109 C. C. A. ix), will be treated as abandoned; it not being discussed in the brief.

4. CRIMINAL LAW ⬌478(1)—EVIDENCE—OPINION EVIDENCE—EXPERT TESTIMONY.

    In prosecution for violating the oleomargarine laws, a witness *held* to have qualified as an expert to testify whether the oleomargarine in tubs was factory packed.

5. CRIMINAL LAW ⬌1129(5)—ASSIGNMENTS OF ERROR—AMENDMENT.

    Amended assignment of errors, filed several months after the writ of error had been granted, although by leave of the trial court, cannot be considered.

6. CRIMINAL LAW ⬌1169(1)—HARMLESS ERROR.

    In a prosecution for violating the oleomargarine laws, the overruling of objections to testimony by a deputy collector of internal revenue, who took part in the raid, as to what another participant in the raid said about the barricade, etc., *held* not prejudicial error, where he also repeated what he saw and heard the defendant say and do.

7. CRIMINAL LAW ⬌753(2)—TRIAL—SUBMISSION TO JURY.

    Where defendant made no motion for directed verdict, the submission of the case to the jury was proper.

8. CRIMINAL LAW ⬌1056(1)—CHARGE—EXCEPTIONS.

    Alleged errors in the charge of the court cannot be considered, in the absence of exceptions.

9. CRIMINAL LAW ⬌1172(7)—HARMLESS ERROR—INSTRUCTION.

    A charge that the fact defendant did not testify should not be considered against him, but he was entitled to stand on the presumption of innocence, *held* in no way prejudicial, but favorable, to the defendant.

10. CRIMINAL LAW ⬌984, 1209—TRIAL—SENTENCE.

    Where defendant was indicted for violating Act Aug. 2, 1886, § 8 (as amended by Act May 9, 1902, § 3), and section 13 (Comp. St. 1916, §§ 6220, 6225), the fact that the court after having sentenced defendant on those counts charging violation of section 8, which relates to tax on oleomargarine, etc., sentenced him under section 13, relating to destruction of stamps on emptied packages, did not nullify the first sentence, constituting a double punishment, though the latter was not imposed until after writ of error and supersedeas was obtained.

In Error to the District Court of the United States for the Eastern District of Missouri; John C. Pollock, Judge.

David J. Kreuzer was convicted of violating the oleomargarine laws, and he brings error. Affirmed.

The plaintiff in error, hereafter called the defendant, was convicted of a violation of several sections of the oleomargarine laws. The indictment contained 10 counts, all parts of the same transaction and connected together. Three of the counts charged were misdemeanors, and the others felonies. A demurrer was filed to the indictment, alleging as grounds:

First. That said indictment, and each and every count thereof, fails to state facts sufficient to constitute an offense against him under the laws of the United States.

Second. That said indictment, and each and every count thereof, is invalid on the ground of duplicity.

Third. That said indictment, and each and every count thereof, contains contradictory averments.

Fourth. Because said indictment, and each and every count thereof, is too vague, general, indefinite, and uncertain to afford the accused proper notice to plead and prepare their defense, and sets forth no specific offense under the laws of the United States.

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fifth. Because said indictment, and each and every count thereof, fails to show that said defendant in any way committed, or undertook to commit, an offense against the laws of the United States.

Sixth. Because there is a misjoinder in the same indictment of charges of misdemeanor and felony.

The demurrer was overruled, and upon a trial to a jury a verdict of guilty on each count was returned. The court on January 30, 1915, sentenced the defendant on the second, third and fourth counts, and deferred sentence on the remaining counts until the March term of the court. A writ of error was allowed on Feb. 2, 1915, and a supersedeas bond approved. At the March term the court sentenced the defendant on the fifth count. No sentences have been imposed on the other counts.

The judgment and sentence on January 30, 1915, was a fine of $5,000 and costs, and imprisonment for two years in the penitentiary on the second count. On the third and fourth counts the sentence was two years' imprisonment on each count, "to run and terminate concurrently with the sentence on the second count." No fine was imposed on these two counts. The judgment and sentence on the fifth counts was a fine of $100 and 30 days' imprisonment in the county jail. After serving the 30 days' imprisonment, he was discharged on his affidavit of poverty, without payment of the fine. By certiorari the record of the last judgment was made a part of the record in this cause.

The assignment of errors filed when the writ of error was granted assigned three errors. These were as follows:

### First Assignment of Error.

The court erred in overruling the demurrer of defendant to each and every count of the indictment herein against him.

### Second Assignment of Error.

The court erred in overruling the objection made by defendant to the testimony of witness L. P. Mattingly, and allowing him to testify that in his opinion Exhibit 29 had not been packed in a licensed factory, on the ground that the witness was not a qualified expert, and on the ground that it was a question for the jury.

### Third Assignment of Error.

The United States has improperly joined in the indictment herein alleged charges which cannot properly be united in one proceeding.

On June 18, 1915, an amended assignment of errors was filed by leave of the District Court, but for reasons hereinafter stated it is not necessary to set it out herein.

On January 12, 1916, by leave of this court, 6 additional assignments of error were filed. These were as follows:

(28) The said District Court erred at the trial in allowing witness Daly to testify for plaintiff that government witness Mattingly's statement about the barricade was correct.

(29) The said District Court erred at the trial in submitting each of the counts to the jury, because there was not sufficient evidence as to each to warrant such submission.

(30) The said District Court erred at the trial by charging the jury that defendant had not testified in his own behalf.

(31) The said District Court erred in not charging the jury that defendant was presumed to be innocent until proven to be guilty beyond reasonable doubt, and the court's remarks on that subject were inadequate, and not up to the measure of the defendant's immunity under the Constitution.

(32) The said District Court erred at the trial in charging the jury that they might under the evidence find the defendant guilty "of all the charges in this indictment."

(33) The said District Court erred in entering judgment and sentence as to each finding, and as to each count whereon such judgment and sentence were entered herein.

Wm. R. Orthwein and Shephard Barclay, both of St. Louis, Mo. (S. Mayner Wallace, of St. Louis, Mo., on the brief), for plaintiff in error.

Robert W. Childs, Sp. Asst. Atty. Gen. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). [1] It is urged that there was a misjoinder of charges, but the contention is without merit. Section 1024, Rev. St. (Comp. St. 1916, § 1690), permits such joinders, as each of the counts is for acts connected together, and for transactions of the same class of crimes. Logan v. United States, 144 U. S. 263, 295, 12 Sup. Ct. 617, 36 L. Ed. 429; Pointer v. United States, 151 U. S. 396, 403, 14 Sup. Ct. 410, 38 L. Ed. 208; Ingraham v. United States, 155 U. S. 434, 436, 15 Sup. Ct. 148, 39 L. Ed. 213; Dolan v. United States, 133 Fed. 440, 446, 69 C. C. A. 274; McGregor v. United States, 134 Fed. 187, 69 C. C. A. 477; Rooney v. United States, 203 Fed. 928, 122 C. C. A. 230; Norton v. United States, 205 Fed. 593, 123 C. C. A. 609. None of the authorities cited by counsel for the defendant is in point. In McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, it was held that indictments against several defendants for assault cannot be consolidated with an indictment against only some of the defendants for arson and another indictment for arson committed two weeks later. The other authorities cited do not pass upon this question.

[2] As the sentences on the third and fourth counts are to be executed concurrently with that imposed on the second count, and therefore but one punishment has been imposed, it is only necessary to determine the sufficiency of that count. Evans v. United States, 153 U. S. 608, 14 Sup. Ct. 939, 38 L. Ed. 839; Billingsley v. United States, 178 Fed. 653, 662, 101 C. C. A. 465; Norton v. United States, supra, 205 Fed. 602, 123 C. C. A. 609.

Should the demurrer to the second count have been sustained? May v. United States, 199 Fed. 42, 117 C. C. A. 420, rules this contention, and upon the authority of that case we hold it untenable. See, also, Marhoefer v. United States, 241 Fed. 48, 154 C. C. A. 48.

[3] The assignment that the court erred in overruling the objection to the testimony of Mr. Mattingly, because he had not qualified as an expert, fails to set out the testimony admitted or its full substance, as required by rule 11 of this court (188 Fed. ix, 109 C. C. A. ix). Nor is this assignment discussed in the elaborate brief of counsel for the defendant. It may therefore be treated as abandoned.

[4] But, aside from this, he did qualify as an expert. After testifying that he had been working for three years on other oleomargarine cases and had examined the contents of many tubs during that whole period of time, he further testified:

"Generally speaking, I can tell what a tub that is factory packed looks like, though it may be possible for a tub that is not factory packed to be packed almost as perfectly as a factory packed tub."

This was sufficient to permit him to testify as an expert, and it was for the jury to determine the weight to be given to his testimony. The general rule, as determined by the Supreme Court and this court, is found in Gillespie v. Collier, 224 Fed. 298, 301, 139 C. C. A. 534, 537, where the court quoted and followed what was said by the Supreme Court in Gila Valley R. Co. v. Lyon, 203 U. S. 465, 475, 27 Sup. Ct. 145, 148 (51 L. Ed. 276):

"In the cases of all witnesses, we think the question of the admissibility of their evidence was one within the reasonable discretion of the trial court, and that the discretion was not abused. All the witnesses had had practical experience on railroads, and were familiar with structures and the character of bluffers mentioned in the evidence. There was certainly enough to call upon the court to decide upon the admissibility of their opinions under these circumstances, and we ought not to interfere with the decision of the trial court in this case."

[5] This disposes of the assignments of error filed when the writ of error and supersedeas were granted. The amended assignment of errors filed several months after the writ of error had been granted, although by leave to the District Court, cannot be considered, as that court had no power to grant such leave at that time.

[6] The additional assignments of error filed by leave of this court are properly before us. The first is that the court erred in permitting the witness Daly to testify that "the witness Mattingly's statement about the barricade was correct." But, while the witness did testify to that effect, he repeated what he saw and heard the defendant say and do; the witness being a deputy collector of internal revenue, taking part in the raid with Mr. Mattingly.

The court committed no prejudicial error in overruling the objection. The other assignments are clearly without merit.

[7] As no motion for a directed verdict was made on behalf of the defendant, the court committed no error in submitting the case to the jury. Besides, a careful reading of the testimony satisfies that there was substantial evidence to justify a verdict of guilty, and even if a motion for a directed verdict had been made, the refusal would not be error.

[8, 9] As to the alleged errors in the charge of the court, it is sufficient to say that no exceptions were taken to any part of the charge; but, in view of the fact that the defendant's liberty is at stake, we have carefully read it, and find no prejudicial error. The only part of the charge complained of, which it is proper to refer to, is that part in which the court told the jury:

"The defendant in this case has not testified in his own behalf. That is not to be considered by the jury in any respect whatever. In our courts of justice, the defendant has a right to stand on the presumption of innocence of the offense, and he cannot be convicted unless the government has proven the offense or offenses charged against him, beyond all reasonable doubt, as I have defined the term to you."

This it is claimed, is prejudicial error. To us it seems these remarks were, if anything, favorable to the defendant, as it cautioned the jury against any presumption of guilt, which may arise in their minds from the fact that the defendant did not avail himself of the

privilege of testifying granted by Act March 16, 1878, c. 37, 20 Stat. 30 (Comp. St. 1916, § 1465). Hanish v. United States, 227 Fed. 584, 142 C. C. A. 216.

[10] By the supplemental proceeding, brought up on the writ of certiorari, the claim is made that the action of the court, sentencing the defendant on the fifth count, at a term after the writ of error and supersedeas had been obtained, which sentence had been executed, nullifies the former sentence, constituting a double punishment. The fifth count charges an entirely different offense from that charged in the second count. The latter charges "mixing artificial coloration with white or uncolored oleomargarine, and thereby making a product resembling butter of a shade of yellow, for sale  *  *  *  in an attempt to defraud the United States of the tax imposed by law upon colored oleomargarine," etc.

It charges a violation of section 8 of the Act of August 2, 1886, c. 840, 24 Stat. 210, as amended by Act May 9, 1902, c. 784, § 3, 32 Stat. 194 (section 6220, U. S. Comp. St. 1916). The fifth count charges a violation of section 13 of the Act of August 2, 1886, 24 Stat. 211 (section 6225, U. S. Comp. St. 1916). This contention is therefore without merit.

Finding no error, the judgment is affirmed.