NO. 07-08-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

_____

ROBERT V. WOODARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1061062R; HONORABLE MOLLEE WESTFALL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Robert V. Woodard, was convicted by a jury of five counts of sexual assault of a child under seventeen years of age, enhanced by a prior felony conviction. Punishment was assessed by the jury. Ordering certain sentences to run consecutively and certain sentences to run concurrently, the trial court sentenced Appellant to 130 years confinement. By two issues, Appellant contends that: (1) stacking of his sentences caused

his punishment to be excessive and disproportionate; and (2) the indictment improperly contained separate counts when the State Constitution requires an indictment for each count. Originally appealed to the 2nd Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the 2nd Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3. We affirm.

## Background

In March 2007, a Tarrant County Grand Jury charged Appellant by a single indictment of seven counts of sexual assault of a child under seventeen years of age with a repeat offender notice for a prior robbery conviction.

Following a four day jury trial, the trial court charged the jury to determine guilt or innocence on five of the seven counts. The jury returned a verdict of guilty on all five counts. Prior to the commencement of the punishment trial, Appellant pled true to the offense described in the indictment's repeat offender notice.

Following the punishment trial, the jury issued its verdict requiring that Appellant be confined fifty years for Count One, fifty years for Count Two, fifty years for Count Three, thirty years for Count Four, and thirty years for Count Five. Thereafter, the trial court ordered the fifty year sentence in Count Two be served consecutively to the fifty years

2

sentence in Count One; the fifty year sentence in Count Three to run concurrently with the sentence in Count One; the thirty year sentence in Count Four be served consecutively to the sentences in Counts One and Two; and the thirty year sentence in Count Five to run concurrent to the thirty year sentence in Count Four. This appeal followed.

## Discussion

Appellant first asserts that his sentence is excessive and disproportionate to his crimes because the trial court failed to give appropriate weight to his mitigation evidence offered during the punishment trial. Appellant next asserts the indictment was improper because it contained seven separate counts charging him with sexual assault of a child under seventeen years of age.

### *Disproportionality*

To preserve an issue for appellate review, the record must show that the complaint was made by a timely objection "with sufficient specificity to make the trial court aware of the complaint" and that the defendant obtained a ruling from the trial court on that objection. Tex. R. App. P. 33.1(a). An appellant may not assert error pertaining to his sentence or punishment when he or she failed to object or otherwise raise the error in the trial court. *Thompson v. State*, 243 S.W.3d 774, 775 (Tex.App.–Fort Worth 2007, pet. ref'd) (citing *Mosley v. State,* 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh'g)). Further, the error preservation requirement extends to complaints of cruel and unusual

punishment. *See Jacoby v. State*, 227 S.W.3d 128, 130 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd).

Appellant asserts that he preserved this issue for appeal by making a general objection to "stacking."[1] His objection lacked the specificity sufficient to put the trial court on notice of any constitutional or statutory grounds for an objection. As such, any error in this regard has been forfeited. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Stevens v. State*, 667 S.W.2d 534, 538 (Tex.Crim.App. 1984).

However, even absent waiver, after comparing the temporal numerosity and seriousness of the felony offenses for which he was convicted in light of his prior conviction with the sentences assessed thereon, we conclude that Appellant's sentences were not unconstitutionally disproportionate and, thus, did not constitute cruel and unusual punishment. *See, e.g., Winchester v. State*, 246 S.W.3d 386, 390-91 (Tex.App.–Amarillo 2008, no pet.). Appellant's first issue is overruled.

---

[1]Appellant's counsel made the following statement at the close of the punishment trial as follows:

Your Honor, may I? In order to preserve any appellate right he may have as far as the stacking is concerned, I'd like to post an objection to that at this time.

To which the trial judge responded:

And that's overruled.

***Indictment***

Appellant next contends that article 21.24 of the Texas Code of Criminal Procedure[2] and section 3.03(b)(2) of the Texas Penal Code[3] are unconstitutional as applied to him. We disagree.

When an attack is made on the constitutionality of a statute, we start with the presumption that the statute is valid; *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978); *Shannon v. State,* 800 S.W.2d 896, 899 (Tex.App.–San Antonio 1990, pet. ref'd), and Appellant bears the burden of establishing the statute is unconstitutional as applied to him. *Luquis v. State*, 72 S.W.3d 355, 365 (Tex.Crim.App. 2002).

Appellant does not cite any case law, other authority, or record evidence in support of his contention that the indictment underlying this action is unconstitutional. Thus, this contention was insufficiently briefed and, therefore, waived. Tex. R. App. P. 38.1(h). *See Cardenas v. State,* 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). Further, indictments containing more than one count do not offend fundamental constitutional protections but,

---

[2]Article 21.24 allows multiple counts to be filed in a single charging instrument. Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 2009).

[3]Section 3.03(b)(2) permits a trial court to stack sentences handed down for sexual assaults against victims younger than seventeen year of age instances where the accused is convicted of more than one offense arising out of the same criminal episode. Tex. Penal Code Ann. § 3.03(b)(2) (Vernon Supp. 2008).

5

instead, are constitutional. *Thomas v. State*, 621 S.W.2d 158, 162 (Tex.Crim.App. 1980) (citing *Ingraham v. United States,* 155 U.S. 434, 15 S.Ct. 148, 39 L.Ed. 263 (1884).

Appellant also asserts that the alleged unconstitutionality of article 21.24 is compounded by the trial court's decision to stack his sentences under section 3.03 of the Penal Code. Appellant again fails to provide us with any case law, other authority, or record evidence on which to base a decision to invalidate section 3.03(b)(2) as applied. This contention was also waived. *See Cardenas,* 30 S.W.3d at 393.

Appellant's second issue is overruled.[4]

**Conclusion**

_____The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

---

[4]*See Speights v. State*, No. 06-05-00144-CR, 2005 WL 2777537, at *2-3 (Tex.App.–Texarkana 2005, no pet.).