NO. 07-08-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

______________________________


ROBERT V. WOODARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1061062R; HONORABLE MOLLEE WESTFALL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Robert V. Woodard, was convicted by a jury of five counts of sexual
assault of a child under seventeen years of age, enhanced by a prior felony conviction. 
Punishment was assessed by the jury. Ordering certain sentences to run consecutively
and certain sentences to run concurrently, the trial court sentenced Appellant to 130 years
confinement. By two issues, Appellant contends that: (1) stacking of his sentences caused
his punishment to be excessive and disproportionate; and (2) the indictment improperly
contained separate counts when the State Constitution requires an indictment for each
count. Originally appealed to the 2nd Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). We are unaware of any conflict between
precedent of the 2nd Court of Appeals and that of this Court on any relevant issue. See
Tex. R. App. P. 41.3. We affirm.
Background
          In March 2007, a Tarrant County Grand Jury charged Appellant by a single
indictment of seven counts of sexual assault of a child under seventeen years of age with
a repeat offender notice for a prior robbery conviction. 
          Following a four day jury trial, the trial court charged the jury to determine guilt or
innocence on five of the seven counts. The jury returned a verdict of guilty on all five
counts. Prior to the commencement of the punishment trial, Appellant pled true to the
offense described in the indictment’s repeat offender notice. 
          Following the punishment trial, the jury issued its verdict requiring that Appellant be
confined fifty years for Count One, fifty years for Count Two, fifty years for Count Three,
thirty years for Count Four, and thirty years for Count Five. Thereafter, the trial court
ordered the fifty year sentence in Count Two be served consecutively to the fifty years
sentence in Count One; the fifty year sentence in Count Three to run concurrently with the
sentence in Count One; the thirty year sentence in Count Four be served consecutively to
the sentences in Counts One and Two; and the thirty year sentence in Count Five to run
concurrent to the thirty year sentence in Count Four. This appeal followed.
Discussion
          Appellant first asserts that his sentence is excessive and disproportionate to his
crimes because the trial court failed to give appropriate weight to his mitigation evidence
offered during the punishment trial. Appellant next asserts the indictment was improper
because it contained seven separate counts charging him with sexual assault of a child
under seventeen years of age.
          Disproportionality
          To preserve an issue for appellate review, the record must show that the complaint
was made by a timely objection “with sufficient specificity to make the trial court aware of
the complaint” and that the defendant obtained a ruling from the trial court on that
objection. Tex. R. App. P. 33.1(a). An appellant may not assert error pertaining to his
sentence or punishment when he or she failed to object or otherwise raise the error in the
trial court. Thompson v. State, 243 S.W.3d 774, 775 (Tex.App.–Fort Worth 2007, pet.
ref’d) (citing Mosley v. State, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh’g)). 
Further, the error preservation requirement extends to complaints of cruel and unusual
punishment. See Jacoby v. State, 227 S.W.3d 128, 130 (Tex.App.–Houston [1st Dist.]
2006, pet. ref’d); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.App.–Houston [14th Dist.]
2001, pet. ref’d). 
          Appellant asserts that he preserved this issue for appeal by making a general
objection to “stacking.”


 His objection lacked the specificity sufficient to put the trial court
on notice of any constitutional or statutory grounds for an objection. As such, any error in
this regard has been forfeited. See Rhoades v. State, 934 S.W.2d 113, 120
(Tex.Crim.App. 1996); Stevens v. State, 667 S.W.2d 534, 538 (Tex.Crim.App. 1984). 
          However, even absent waiver, after comparing the temporal numerosity and
seriousness of the felony offenses for which he was convicted in light of his prior conviction
with the sentences assessed thereon, we conclude that Appellant’s sentences were not
unconstitutionally disproportionate and, thus, did not constitute cruel and unusual
punishment. See, e.g., Winchester v. State, 246 S.W.3d 386, 390-91 (Tex.App.–Amarillo
2008, no pet.). Appellant’s first issue is overruled.
 

          Indictment
          Appellant next contends that article 21.24 of the Texas Code of Criminal Procedure



and section 3.03(b)(2) of the Texas Penal Code


 are unconstitutional as applied to him. 
We disagree.
          When an attack is made on the constitutionality of a statute, we start with the
presumption that the statute is valid; Ex parte Granviel, 561 S.W.2d 503, 511
(Tex.Crim.App. 1978); Shannon v. State, 800 S.W.2d 896, 899 (Tex.App.–San Antonio
1990, pet. ref’d), and Appellant bears the burden of establishing the statute is
unconstitutional as applied to him. Luquis v. State, 72 S.W.3d 355, 365 (Tex.Crim.App.
2002). 
          Appellant does not cite any case law, other authority, or record evidence in support
of his contention that the indictment underlying this action is unconstitutional. Thus, this
contention was insufficiently briefed and, therefore, waived. Tex. R. App. P. 38.1(h). See
Cardenas v. State, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). Further, indictments
containing more than one count do not offend fundamental constitutional protections but,
instead, are constitutional. Thomas v. State, 621 S.W.2d 158, 162 (Tex.Crim.App. 1980)
(citing Ingraham v. United States, 155 U.S. 434, 15 S.Ct. 148, 39 L.Ed. 263 (1884). 
          Appellant also asserts that the alleged unconstitutionality of article 21.24 is
compounded by the trial court’s decision to stack his sentences under section 3.03 of the
Penal Code. Appellant again fails to provide us with any case law, other authority, or
record evidence on which to base a decision to invalidate section 3.03(b)(2) as applied. 
This contention was also waived. See Cardenas, 30 S.W.3d at 393. 
          Appellant’s second issue is overruled.



Conclusion
          The trial court’s judgment is affirmed.




                                                                           Patrick A. Pirtle 

                                                                                  Justice 



Do not publish.