## Ethel Sullivan v. The State.

No. 12504.   Delivered May 1, 1929.

The opinion states the case.

*Marshall & Perkins* of Quanah, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to murder; punishment, two years in the penitentiary.

Two negro women who had had some trouble before met in a meat market on the morning of this difficulty, each having a knife.   Each testified on the trial that the other then and there threatened to kill her, and that the other struck the first blow and began the difficulty.   The proprietor of the meat market testified that this appellant struck the first blow.   She claimed to have acted in self-defense, and that she cut prosecuting witness to keep the latter from killing her or inflicting upon her serious bodily injury.   While the record shows that the two women had a personal difficulty some time before this occasion, there is nothing in the record, as far as we can see, to indicate that appellant knew the prosecuting witness was in the market at the time appellant went in there.   There is no testimony from any source that appellant went into the market seeking prosecuting witness for the purpose of making an attack upon her.

The court gave a special charge asked by the State, which is as follows:

"A perfect right of self-defense exists only when accused acts from necessity, and was not herself in the wrong, and where her conduct was not intended or reasonably calculated to produce the necessity which requires her actions, and if she was in the wrong

or was violating the law, and because of her own wrong, and with intent to bring on the difficulty, she was thereby placed in a position where it became necessary for her to defend herself from attack, the law limits her right of self-defense according to the degree of her own wrong, and if the accused, Ethel Sullivan, sought Mamie Jackson with a deadly weapon with the intent to kill her or intent to inflict serious bodily harm and by acts done or words used with intent to provoke a difficulty with said Mamie Jackson, and reasonably calculated to provoke the said Mamie Jackson to attack her, and the said Mamie Jackson did attack the accused, the accused could not justify her actions on the ground of self-defense."

Proper exception was taken to this charge because there was no evidence calling for such instruction, and the giving of same was an intimation to the jury on the part of the trial judge that this appellant sought prosecuting witness for the purpose of attacking her and was therefore in the wrong. As substantially stated above, we find no evidence in the record calling for the giving of a charge which could only be justified by the fact that testimony was before the jury supporting the proposition that appellant had "sought Mamie Jackson with a deadly weapon with intent to kill her." It is .the duty of the court to give to the jury instructions appropriate to every theory of the case supported by testimony. If the fact that appellant went into the butchershop armed with a knife, would support the theory that she sought the injured party, Mamie Jackson,—it would be equally true that Mamie Jackson who was armed with an East Dallas Special, large single bladed knife when she went into the butchershop, might be deemed to have sought appellant, on said occasion. Appellant says that she went into the butchershop to get some meat for a meal, and that Mamie Jackson began to laugh at her and made sport of her because appellant had over her eye some adhesive tape covering a wound inflicted by Mamie Jackson with a brick on the occasion of the former difficulty. The officers testified that appellant had this tape over her eye when they arrested her after this present trouble. Appellant admitted that she got mad at Mamie Jackson when the latter laughed at her, and did say that she was going to kill her, but that she did not strike Mamie until after the latter had drawn her knife and cut at her. We regard the charge above set out as a serious invasion of the rights of the appellant for which the case must be reversed. All the first part of said charge quoted,

which seeks to announce a rule on general principle, was wrong, and should not have been given.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., not sitting.