**Gregory Al FANCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–617CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 17, 1983.

Rehearing Denied March 10, 1983.

Discretionary Review Refused
June 22, 1983.

Lawrence Newman, Houston, for appellant.

R. Richard Mason, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals an order revoking his probation.

On June 5, 1979, appellant plead guilty to the charge of theft. Punishment was assessed at eight years confinement in the Texas Department of Corrections and the sentence was probated. On February 26, 1981, the State filed a motion to revoke probation, alleging that the appellant had violated the terms of his probation as follows:

Committing the offense of unlawfully appropriate [sic] property, namely, cash money, owned by Jesse Lee Monroe, a person having a greater right to possession of the property than the defendant and hereafter styled the complainant, of the value of over Two Hundred Dollars ($200.00) and under Ten Thousand ($10,000.00), with the intent to deprive the complainant of the property, and without the effective consent of the complainant, namely by deception on February 13, 1981 in Harris County, Texas.

On April 15, appellant filed a motion to quash the State's motion to revoke probation. Appellant's motion alleged that the State failed to give appellant adequate notice of the allegations and charges against him. After a hearing, the trial court held that appellant had violated his probation. Appellant's probation was revoked and his sentence reformed to five years in the Texas Department of Corrections. We affirm the judgment of the trial court.

On February 13, 1981, at approximately 11:30 a.m. the complainant, Jesse L. Monroe, was approached by appellant at a Walgreen Store in Harris County, Texas. Appellant, speaking in a foreign accent, displayed a piece of paper on which an address was written and asked for help in finding the address. Appellant then offered Monroe $100.00 to take him to the address and "flashed" a green bundle of paper which Monroe assumed was a role of money. Appellant followed Monroe outside the store where Monroe directed appellant to a telephone. At that time an unidentified black male (hereinafter second man) came out of the store. Appellant approached the second man and offered him $100.00 to take him to the address. Appellant said he had been out to sea and wanted to locate a woman. The second man told appellant he knew some "ladies" in an apartment down the street but he did not have a car to take him there. Monroe, appellant, and the second man then got into Monroe's car. On the way to the "ladies'" apartment, appellant told Monroe that in his country one could not withdraw money from a bank without fear of being attacked by dogs. Appellant offered Monroe $1.00 for every dollar Monroe could withdraw from his bank. Monroe then took appellant to his bank in Clear Lake and withdrew $1,000 from his bank account. Upon returning to his car from the bank, Monroe gave to appellant the money he had withdrawn together with $80.00 he already had. Appellant then asked Monroe and the second man to take him to the "ladies." The second man told

Monroe and appellant that these women might steal their money if they kept it with them. Appellant then suggested that he and Monroe each place their money in an envelope and put it in the car trunk for safe keeping. Monroe gave his money to appellant and watched him place it in a brown envelope which Monroe believed contained appellant's money. The second man then told Monroe he thought a tire was low. He and Monroe checked the tire, leaving appellant alone in the car with the envelope full of money. When it was determined nothing was wrong with the tire, appellant gave the envelope to Monroe who placed it in the trunk. The three men then left the bank parking lot and returned to the Walgreen store where they had met. The second man told Monroe the women would not "participate" if more than two men approached them. It was then decided that Monroe would park the car at a McDonald's across the street from the apartments where the women lived and await the return of appellant and the second man. Before leaving, however, the second man insisted that Monroe give him his watch as collateral to insure that he would not run off with appellant's money. A short time later Monroe became suspicious. He removed the envelope from the trunk and found that it contained only cut-up pieces of newspaper.

Appellant raises two grounds of error. In the first ground, appellant contends the trial court erred in not quashing the motion to revoke probation. Appellant asserts the motion failed to give him adequate notice of the allegations against him by not specifying under which of the five statutory definitions of deception in Tex.Penal Code Ann. art. 31.01(2) (Vernon 1974) he was being accused. The Texas Court of Criminal Appeals has stated, with regard to an indictment, that:

> The general rule is that a motion to quash will be allowed if the facts sought are essential to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. [cases omitted] Moreover, when a term is defined in the statutes, it need

not be further alleged in the indictment. [cases omitted].

*Thomas v. State,* 621 S.W.2d 158 (Tex.Cr. App.1980).

The *Thomas* court went on to discuss its opinion in *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980). In *Phillips* the defendant filed a motion to quash, attacking the allegation that there was "intent to violate and abuse ... sexually." The court in *Thomas* noted that there are seven different means of committing sexual abuse and held that although the term sexual abuse encompasses different acts, *Phillips* properly held that there was no error because "the information requested was essentially evidentiary, rather than being required for purposes of notice and plea in bar." The court in *Thomas* went on to say:

> The legislature has established offenses and elements constituting those offenses. The terms and elements are further defined within the Penal Code.... The definitions of the terms and elements are essentially evidentiary and need not be alleged in the indictment.

*Thomas v. State,* supra.

This case involves a motion to revoke probation. The standard here is less than that which is required for an indictment. The type of deception involved was merely evidentiary. It was not necessary that deception be defined for appellant to receive fair notice of the allegations against him. Appellant's first point of error is, therefore, overruled.

In his second ground of error, appellant contends that the motion to revoke should have been quashed because there was insufficient evidence that he violated the terms of his probation by committing the offense which was alleged. He claims that the evidence shows the money was taken from Monroe without Monroe's effective consent, not by acquiring Monroe's consent by deception as alleged. We find no merit to this contention. A hearing to revoke probation is not a criminal trial.

A revocation of probation does not require proof sufficient to sustain a criminal conviction. All that is required is

enough evidence, within [a] sound judicial discretion to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation. *United States v. Garza,* 484 F.2d 88 (5th Cir.1973).

*Scamardo v. State,* 517 S.W.2d 293, 297 (Tex.Cr.App.1974); See also *Bradley v. State,* 608 S.W.2d 652, 655 (Tex.Cr.App. 1980).

■ We find the evidence sufficient to support the allegations contained in the motion to revoke. The trial court did not abuse its discretion in revoking appellant's probation. A motion to revoke probation need not meet the particularities of an indictment, information or complaint. *Champion v. State,* 590 S.W.2d 495 (Tex.Cr.App. 1979). It is sufficient that a violation of the law is alleged and that fair notice is given to the probationer. *Bradley v. State,* supra.

The judgment of the trial court is affirmed.