**Abacn TOVAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00881–CR.**

Court of Appeals of Texas, Dallas.

Nov. 16, 1984.

Lawrence Mitchell, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before CARVER, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

Abacn Tovar appeals from a conviction for the offense of attempted murder. Punishment, twice enhanced, was assessed at life imprisonment. In two related grounds of error, appellant contends the trial court erred by admitting into evidence a penitentiary packet as proof of a 1978 theft conviction. Specifically, appellant complains that the theft statute, TEX.PENAL CODE ANN. § 31.03 (Vernon 1974), has become unconstitutionally vague and ambiguous rendering the conviction void. We disagree and affirm.

In *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981), the Court of Criminal Appeals stated in a footnote that "Section 31.01(4) negating effective consent is not to be interpreted as an exhaustive list." [1] Be-

---

1. TEX.PENAL CODE ANN. § 31.01(4) (Vernon 1974) provides: "Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

cause the court in *Thomas* failed to specifically define the additional ways of negating effective consent, appellant maintains TEX. PENAL CODE ANN. § 31.03 (Vernon Supp.1984) is unconstitutionally vague and ambiguous. Thus appellant asserts that the 1978 theft conviction has been voided by the 1981 *Thomas* opinion, and that the trial court erred by admitting the penitentiary packet.

■■■ In order for this article to be unconstitutionally vague and ambiguous, appellant must demonstrate that persons of common intelligence would necessarily guess at the meaning of the negation of effective consent and differ as to its application. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Ahearn v. State,* 588 S.W.2d 327, 338 (Tex.Crim.App.1979). A statute is vested with a presumption of validity; the presumption obtains until the contrary is shown beyond a reasonable doubt. *Ex parte Granviel,* 561 S.W.2d 503, 515 (Tex.Crim.App.1978). It is well settled that a statute is not rendered unconstitutionally vague merely because the words or terms are not specifically defined. *Ahearn,* 588 S.W.2d at 338.

■■ The negation of effective consent is illustrated four alternative ways in TEX. PENAL CODE ANN. § 31.01(4). Considering that the allegedly vague and ambiguous language has four expressed statutory definitions, we hold that the presumption of validity has not been overcome beyond a reasonable doubt even though the statutory definitions are not exhaustive. Consequently, TEX.PENAL CODE ANN. § 31.03 is neither unconstitutionally vague nor ambiguous; the penitentiary packet demonstrating the 1978 theft conviction was properly admitted.

The judgment of conviction is affirmed.

(A) induced by deception or coercion;
(B) given by a person the actor knows is not legally authorized to act for the owner;
(C) given by a person who by reason of youth, mental disease or defect, or intoxica-

tion is known by the actor to be unable to make reasonable property dispositions; or
(D) given solely to detect the commission of an offense.