**Victor MAREK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–141–CR.**

Court of Appeals of Texas,
Austin.

Feb. 6, 1985.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, Belton, for appellant.

Edward J. Walsh, Dist. Atty., Georgetown, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

Victor Marek stands convicted of unlawful delivery of grain, pursuant to Texas Agric.Code Ann. § 14.030(a)(1) (1982). Punishment was assessed at confinement in the Department of Corrections for 12 years. He brings two grounds of error to this Court complaining of the trial court's refusal to quash the indictment upon his motion. We will affirm the judgment of conviction.

Marek was indicted for 21 counts of unlawful delivery of grain. The indictment presents 48 paragraphs alleging alternate ways the offense could have been committed. Marek moved the trial court to quash each of the 48 paragraphs. The State waived two paragraphs of the indictment, the trial court denied Marek's motion to quash, and the case went to trial on the modified indictment. Marek now contends that the trial court erred in failing to grant his motion on either of the two grounds discussed herein.

The State pleaded and proved that Marek:

... did then and there intentionally deliver grain ... out of a public grain warehouse ... knowing that a negotiable receipt for said grain was outstanding and without possessing that receipt....

The State further pleaded and proved the issue date of each receipt, and the serial number of each receipt.

Section 14.030(a)(1), under which Marek was convicted, provides:

(a) A person commits an offense if the person:

(1) delivers grain out of a public grain warehouse knowing that a negotiable receipt for the grain is outstanding and without possessing the receipt.

In his first ground of error, Marek claims that the indictment was defective and failed to give fair notice because it did not allege to whom the negotiable receipts for the grain had been originally issued. Marek cites no authority for this proposition.

Section 14.030(a)(1), on its face, does not require the State to prove identity of the original recipient of the receipt. The State contends that, although the recipients were called to testify, the offense could have been proved without this testimony, and that proof of their identity is not necessary to establish a violation of § 14.-030(a)(1). We agree. The identity of the original depositors of the grain is irrelevant and immaterial because of the negotiability of the receipts. The crime is the release of a commodity, with which one is entrusted, without presentment or possession of the receipt evidencing ownership.

While a charging instrument must allege every element of the offense charged, it need not allege matters which need not be proved. Article 21.02 and 21.-03, Tex.Code Cr.P.Ann. (1966); Fleming v. State, 62 Tex.Cr.R. 653, 139 S.W. 598 (1911). Appellant's first ground of error is overruled.

Section 14.001(4) of the Agriculture Code defines "public grain warehouse" as follows:

"Public grain warehouse" means a building, bin or similar structure used for:

(A) the receiving, storing, shipping, or handling grain for hire; or

(B) the purchasing and selling of grain, including grain on which payment is deferred.

The charge of the court tracked this exact definition.

By his second ground of error, Marek complains of the failure of the indictment to specify which of the alternate definitions the State relied upon to prove the offense. Specifically Marek contends that the act charged is not merely "delivery of grain," but "delivery of grain out of a public grain warehouse," and therefore the State must specify which of the two means of committing the offense is alleged. The

State asserts that this situation is controlled by *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1980), which discusses what constitutes "an act" requiring definition in an indictment. *Thomas* holds that the State need not specify which statutory definition of "without the effective consent" and "owner" it is relying on in a theft indictment because these are only evidentiary issues. The State argues that the type of "public grain warehouse" is also merely evidentiary, and therefore need not be defined in the indictment.

Specification of the type of public grain warehouse will not assist or affect the appellant in the preparation of his defense. As with the terms "owner" and "effective consent," the term "public grain warehouse" is statutorily defined and "does not go to an act or omission of the [accused]." *Thomas, supra* at.165.

Appellant's second ground of error is overruled and the judgment of conviction is affirmed.

PHILLIPS, C.J., not participating.