APPENDIX

Darlene McCLENDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00729–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 2000.

William P. Mewis, Paul A. Cooley, Houston, for appellant.

Ren P. Rigby, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and SEARS.[*]

## OPINION ON REMAND

ROSS A. SEARS, Justice (Assigned).

The court of criminal appeals reversed this court's prior opinion and remanded the cause for consideration of the other points of error. 13 S.W.3d 406 (Tex.Crim. App.2000). We will now address the remaining points of error raised by appellant Darlene McClendon.

In her first point of error, appellant argues that the trial court erred in overruling her motion to quash the indictment, as the indictment failed to allege the value of the benefits obtained by appellant. This, she states, was an essential jurisdictional allegation for establishing whether the case was a felony or a misdemeanor.

The general rule is that a motion to quash will be allowed if the facts sought are essential to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Thomas v. State,* (Tex. Crim.App.1980), 621 S.W.2d 158, 161. Moreover, when a term is defined in the

[*] Senior Justice Ross A. Sears sitting by assignment.

statutes, it need not be further alleged in the indictment. *Id.*

Appellant was charged with an offense under TEX. HUM. RES.CODE ANN. § 33.011, which statute provides in pertinent part:

(a) A person commits an offense if the person knowingly uses, alters or transfers food stamp benefit permits in any manner not authorized by law. An offense under this section is a [misdemeanor] if the value of the [permits] is less than $200 and a felony of the third degree if the value of the [permits] is $200 or more.

(b) A person commits an offense if the person knowingly possesses [permits] when not authorized by law to possess them, knowingly redeems [permits] when not authorized by law to redeem them, or knowingly redeems [permits] for purposes not authorized by law. An offense under this subsection is a [misdemeanor] if the value of the [permits] is less than $200 and a felony of the third degree if the value of the [permits] is $200 or more.

\* \* \* \*

(d) When [permits] of various values are obtained in violation of this section pursuant to one scheme or continuing course of conduct, whether from the same source or several sources, the conduct may be considered as one offense and the values aggregated in determining the grade of the offense.

■ The indictment charged, in part, that appellant "unlawfully, pursuant to one scheme and continuous course of conduct did knowingly use, transfer and redeem food stamp benefits, namely Electronic Benefit Transfer Cards with a total value of over two hundred dollars ..." Appellant contends that as "value" is defined under subsection (f) of Section 33.011 as "the cash or exchange value obtained in viola-

tion of this section," that this definition was required to be pleaded in the indictment. Appellant does not refer us to any supporting authority under Section 33.011, but instead likens this to controlled substance cases, where an indictment can be fatal for failure to allege the amount or penalty group of the controlled substance. Here, however, the State pleaded a specific statutory "value" amount which established the level of offense for jurisdictional purposes. The statutory definition of "value" is not a separate, additional element of the offense which needs to be specifically set out, but rather is subsumed under the pleading of "value" as already set out in the indictment. *Thomas,* 621 S.W.2d at 161.

We hold that the indictment sufficiently alleged "value" for purposes of determining jurisdiction and "level of offense, and the trial court did not err in denying the appellant's motion to quash. Appellant's first point of error is overruled.

Under her third and fourth points of error, appellant contends that the indictment should have stated that the use and transfer of the permits was "in a manner not authorized by law;" that she was "not authorized by law to redeem the benefits," and that "redemption of the benefits was not authorized by law," as these were essential elements of the offense. She further alleges she was entitled to have the State plead what specific acts were in a manner not authorized by law when she used or transferred the subject permits.

■ As we stated above, the indictment alleged that appellant "unlawfully" used, transferred and redeemed the permits. This is substantially and sufficiently equivalent to those phrases requested by appellant as to have put her on notice that she was charged with having acted in a manner contrary to law. Appellant's motion to quash sought evidentiary or extraneous allegations, not essential elements of the

offense, and as such, it was properly overruled by the trial court. *Thomas,* 621 S.W.2d at 161. Appellant's third and fourth points of error are overruled.

The judgment is affirmed.