# NO. 12-12-00401-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RYAN MILLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ryan Miller appeals his conviction for assault involving family violence.   Appellant raises two issues on appeal relating to the admissibility of evidence.   We affirm.

### BACKGROUND

Appellant and his girlfriend, Parma Lynn Lunday, were arguing in a one bedroom mobile home.   Appellant's brother, Kenneth Brookshire, and uncle, Dalton Brookshire, were also in the home.   Appellant and Lunday went to the bathroom of the home and continued to argue. Kenneth and Dalton heard loud noises from the bathroom.   Appellant then exited the bathroom. Immediately, Kenneth went to the bathroom to check on Lunday and discovered that she was unconscious.    Kenneth and Dalton called 911 and rendered aid to Lunday.   Appellant re-entered the bathroom and also rendered aid to Lunday.

Officer Corey Clemons with the Hudson Police Department arrived at the scene.   Lunday was unconscious but breathing and had redness around her neck consistent with having recently been choked.   She regained consciousness, but she could not speak.   Officer Clemons asked her if she could communicate with him by blinking once for "yes" and twice for "no."   She blinked

once to indicate that she could. Officer Clemons then asked Lunday if her boyfriend had choked her. Lunday blinked once to indicate "yes."

Josh Beckman, a deputy with the Angelina County Sheriff's Department, also was at the scene. He separated Appellant and Kenneth because they were arguing. Kenneth believed that Appellant had choked Lunday, but Appellant claimed Lunday had suffered a seizure. Deputy Beckman also believed Lunday had been choked and took photographs of Lunday's neck to document the redness and swelling. He then arrested Appellant.

Appellant was initially indicted for continuous violence against the family. However, the State amended the indictment to instead charge Appellant with assault involving family violence. The case proceeded to trial before the court. The trial court admitted, over objection, Officer Clemons's testimony regarding Lunday's nonverbal statement in which she implicated Appellant. The trial court found Appellant guilty of assault involving family violence and sentenced Appellant to imprisonment for five years. This appeal followed.

## HEARSAY

In his first issue, Appellant argues that the trial court erred in admitting Lunday's nonverbal statement that Appellant choked her as an excited utterance. The State argues that the evidence fits both the excited utterance and present sense impression exceptions to the hearsay rule.

### Standard of Review

A trial court has considerable discretion in determining whether to exclude or admit evidence. *See* ***Montgomery v. State***, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990); ***State v. Dudley***, 223 S.W.3d 717, 724 (Tex. App.—Tyler 2007, no pet.). Absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence. *See* ***Martin v. State***, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). A trial court abuses its discretion if its decision falls outside the "zone of reasonable disagreement." ***Montgomery***, 810 S.W.2d at 391 (op. on reh'g).

A violation of the evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *See* ***Solomon v. State***, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *see also* ***Johnson v. State***, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error is reversible only if it affects the substantial rights of the accused. TEX. R. APP. P. 44.2(b); ***Johnson***

*v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). It is well settled that the admission of hearsay evidence does not constitute reversible error if the same facts were proven by evidence introduced without objection. ***Thomas v. State***, 621 S.W.2d 158, 164 (Tex. Crim. App. 1981) (op. on reh'g); ***Rosales v. State***, 932 S.W.2d 530, 536 (Tex. App.—Tyler 1995, pet. ref'd). Therefore, "counsel must object every time allegedly inadmissible evidence is offered." ***Hudson v. State***, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

## Applicable Law

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). A "statement" includes nonverbal conduct of a person, if it is intended by the person as a substitute for verbal expression. TEX. R. EVID. 801(a).

Generally, hearsay is not admissible. *See* TEX. R. EVID. 802. But there are a number of exceptions to this general rule. *See* TEX. R. EVID. 803. The excited utterance exception allows the admission of "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). This exception is based on the assumption that at the time the declarant makes the statement, she is not capable of the kind of reflection to enable her to fabricate information. ***Apolinar v. State***, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

For the excited utterance exception to apply, (1) the "exciting event" should be startling enough to evoke a truly spontaneous reaction from the declarant, (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication, and (3) the resulting statement should be sufficiently "related to" the startling event to ensure the reliability and trustworthiness of that statement. ***McCarty v. State***, 257 S.W.3d 238, 241-42 (Tex. Crim. App. 2008). The critical issue is not the specific type of emotion that the declarant was dominated by, but whether the declarant was still dominated by the emotion caused by the startling event when she spoke. ***Coble v. State***, 330 S.W.3d 253, 294 (Tex. Crim. App. 2010). In determining whether the declarant was still dominated by the emotion, the court may consider the length of time between the occurrence and the statement, the nature of the declarant, whether the statement was made in response to a question, and whether the statement is self-serving. ***Apolinar***, 155 S.W.3d at 187.

3

**Discussion**

Appellant argues that at the time Lunday made her nonverbal statement to Officer Clemons, she was no longer dominated by the excitement of the event.

Officer Clemons testified that when he first saw Lunday, she was lying on the bathroom floor, unconscious but breathing. She was beginning to regain consciousness when the emergency medical unit arrived. Officer Clemons testified that as Lunday became a bit more alert, she looked around and was "freaking out." He described her as "more scared than anything else." This was immediately before he asked Lunday whether "her boyfriend" had choked her.

Deputy Beckman testified that he interviewed Lunday after she was able to talk. He described her as "shaking," "extremely scared," and "crying." He also testified that she could have been in a "stage of shock." Larry Arnold, a firefighter paramedic with the Lufkin Fire Department, testified that he was present when Lunday communicated to Officer Clemons that Appellant had choked her. According to Arnold, after Lunday was able to talk, she was trembling and her hands were "really shaking." He also stated that she was "pretty upset."

In summary, the record shows that upon regaining consciousness, Lunday exhibited signs of being extremely frightened, and Officer Clemons was of the opinion, immediately before he asked her if Appellant choked her, that she was "more scared than anything else." Her fear was of such intensity that Deputy Beckman and Larry Arnold observed signs of it after she was able to talk. Although Lunday's statement was made in response to Officer Clemons's question, Lunday was unable to speak at the time. Thus, she was unable to make a spontaneous statement. Moreover, the record does not reflect that she had sufficient time or composure to fabricate her answer to the question. Accordingly, we conclude that the trial court's determination that Lunday was still dominated by the emotion caused by the startling event when she made the statement is well within the zone of reasonable disagreement. *See Montgomery*, 810 S.W.2d at 391. Therefore, the trial court did not abuse its discretion in admitting Lunday's nonverbal statement to Officer Clemons as an excited utterance. *See id*.

Further, Deputy Beckman stated twice without objection that Officer Clemons told that Lunday acknowledged Appellant had choked her. Therefore, even if the trial court erred in admitting Lunday's nonverbal statement, the error was harmless. *See Thomas v. State*, 621 S.W.2d at 164 (admission of hearsay evidence rendered harmless by introduction of same or

4

similar evidence without objection).

We overrule Appellant's first issue.


**C<span style="font-variant:small-caps">ONFRONTATION</span> C<span style="font-variant:small-caps">LAUSE</span>**

In his second issue, Appellant contends that the trial court erred in admitting Lunday's nonverbal statement to Officer Clemons because it violated Appellant's rights under the Confrontation Clause of the Sixth Amendment.

## Applicable Law

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. C<span style="font-variant:small-caps">ONST</span>. amend VI. In the context of testimonial evidence, confronting a witness means the defendant must be permitted to cross examine the witness. *See Davis v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004). When the declarant is unavailable, a testimonial statement by a declarant is admissible only if the defendant has had a prior opportunity to cross examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004).

As a prerequisite to presenting a complaint for appellate review, the record must show that (1) the complaint was made to the trial court (2) by a timely request, objection, or motion (3) that stated the grounds for the ruling that the complaining party sought from the trial court (4) with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. T<span style="font-variant:small-caps">EX</span>. R. A<span style="font-variant:small-caps">PP</span>. P. 33.1(a)(1)(A). As the court of criminal appeals has explained,

> [t]he purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint. . . . [A] party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Resendez v. State*, 306 S.W.3d 308, 312-13 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). When a party fails to effectively communicate his

5

argument, any error will be deemed forfeited on appeal. *Id*. An appellant's issues on appeal must comport with his objections and arguments at trial, and an objection stating one legal theory may not be used to support a different legal theory on appeal. *See Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003); *see also* TEX. R. APP. P. 33.1.

**Application**

In this case, the State asked Officer Clemons if he asked Lunday any questions. He responded, "Yeah. At that time, I asked her if she was choked by her boyfriend, and she said yes." Appellant objected, "Your Honor, at this time, I object that it's calling for a response that may not be a verbal response, so he's asking for some type of hearsay statement from a witness. And so I don't believe it's – should be entered." The State responded that Lunday's statement to Clemons was an excited utterance. Appellant replied that Lunday's statement was nonverbal. The trial judge stated that he did not believe the response had to be verbal to be an excited utterance or hearsay. He then asked Appellant if he had any argument against Lunday's statement being an excited utterance. Appellant responded, "Your Honor, I don't think that this type of thing is an excited utterance. I really don't. The victim is not here, not going to be here. And so there's no way to rebut this."

The State then took the officer on voir dire to attempt to demonstrate that Lunday's statement was an excited utterance. At the conclusion of the State's questioning of Officer Clemons, Appellant stated, "Your Honor, I'll just renew my objection. In this case, she was groggy – unconscious, then groggy, and that – at that point I don't believe that the excited utterance fits in that situation." The trial court overruled Appellant's objection to the testimony and found that the statement satisfied the excited utterance and present sense impression exceptions to the hearsay rule.

Appellant never objected that Officer Clemons's testimony about Lunday's nonverbal statement violated the Confrontation Clause. Because Appellant failed to object to the evidence on this basis, he has waived his Confrontation Clause complaint. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (argument that statement violated Confrontation Clause waived when only hearsay objection was made at trial). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00401-CR**

**RYAN MILLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th Judicial District Court
of Angelina County, Texas. (Tr.Ct.No. 2011-0212)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*